Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Xavier L. Woodford (State Bar No. 355326)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
xavier@ferrarovega.com

*Attorneys for Plaintiff David Victor Miranda*

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VICTOR MIRANDA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTERRA SERVICES INTERNATIONAL, INC., and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. **'24CV2340 BAS MMP**<br><br>**CLASS ACTION**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br>1. Failure to Pay All Overtime Wages Owed (FLSA, 29 U.S.C. § 201 *et seq.*)<br>2. Failure to Pay for All Hours Worked (FLSA, 29 U.S.C. § 201 *et seq.*)<br>3. Minimum Wage Violations (Labor Code §§1194, 1197, and 1198)<br>4. Failure to Pay All Overtime Wages (Labor Code §§ 510, 1194, and 1198)<br>5. Meal Period Violations (Labor Code § 226.7)<br>6. Rest Period Violations (Labor Code § 226.7)<br>7. Paid Sick Leave Violations (Labor Code § 246 *et seq.*)<br>8. Untimely Payment of Wages (Labor Code § 204 *et seq.*)<br>9. Wage Statement Violations (Labor Code § 226 *et seq.*)<br>10. Waiting Time Penalties (Labor Code § 203)<br>11. Failure to Reimburse Business Expenses (Labor Code § 2802)<br>12. Failure to Provide Records (Labor Code §§ 226, 432, and 1198.5)<br>13. Unfair Competition (Bus. & Prof. Code § 17200 *et seq.*) |

Plaintiff DAVID VICTOR MIRANDA, individually and on behalf of all others similarly situated ("Plaintiff"), brings this CLASS AND COLLECTIVE ACTION COMPLAINT against Defendant CENTERRA SERVICES INTERNATIONAL, INC. ("Centerra Services" or "Defendant"), alleging as follows:

## INTRODUCTION

1.      This is a class and collective action for Centerra Services' wage and hour violations.

2.      Centerra Services underpaid the California class members' wages by failing to include all forms of remuneration, including cash in lieu of benefits payments and shift differentials, into the regular rate of pay calculation for their hourly overtime, sick, and premium wages.

3.      Centerra Services engaged in the unlawful practice of automatically deducting meal periods, resulting in unpaid regular wages.

4.      Centerra Services also failed to maintain compliant meal and rest period policies and practices, resulting in a failure to pay all wages and premiums owed to the California class members at the lawful rate.

5.      Centerra Services failed to reimburse California class members for necessary expenses incurred in furtherance of the class members' job duties.

6.      Centerra Services failed to provide Plaintiff with his employee records upon reasonable request Centerra Services.

7.      Centerra Services' employment policies and practices and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to the class and collective members.

8.      Centerra Services committed the same overtime violations with respect to a nationwide collective of employees, who Plaintiff seeks to represent under the Fair Labor Standards Act.

9.      Moreover, once each of the states where employees worked for Centerra Services are identified through discovery in this action, Plaintiff intends to amend this

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

complaint to include the corresponding state law claims on a class wide basis, based on the factual allegations set forth herein.

## JURISDICTION & VENUE

10.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, along with jurisdiction under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

11.    Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims arose in this district, as Plaintiff brings claims on behalf of a California class of current and former California employees who worked throughout California, including at Centerra Services' worksite in San Diego County.

## PARTIES

**A.    Plaintiff David Victor Miranda**

12.    Plaintiff Miranda is an individual over 18 years of age who worked for Centerra Services in California as a non-exempt employee from about April 2024 to Present.

13.    Plaintiff worked as an Armed Guard.

14.    Plaintiff worked in San Diego County as an employee of Centerra Services.

15.    Centerra Services paid various forms of remuneration to Plaintiff during his employment, including cash in lieu of benefits, shift differentials, sick pay, regular, overtime, and meal/rest premiums under Labor Code § 226.7.

16.    Plaintiff Miranda provides written consent to join the FLSA action by virtue of filing this Complaint and attaches a written consent hereto as **Exhibit 1**.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

**B.    Defendant Centerra Services International, Inc.**

17.    Throughout the respective statutory periods, Centerra Services was a legal employer of Plaintiff and the class and collective members.

18.    Defendant Centerra Services International, Inc. is a Delaware corporation that maintains operations and conducts business throughout the State of California, including in this county.

19.    Plaintiff is informed, believes, and alleges that during the previous four-year period, Centerra Services has employed class and collective members throughout the United States, including but not limited to California.

20.    Upon information and belief, Centerra Services is an employer, co-employer, joint employer, and/or part of an integrated employer enterprise, as it exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under state and federal laws.

21.    Upon information and belief, Centerra Services acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## CLASS ALLEGATIONS[1]

22.    Plaintiff brings the Third through Thirteenth Causes of Action individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages, unpaid premiums, penalties, and other damages related to Centerra Services' violations of the California Labor Code and IWC Wage Orders.

---

[1] Once the states where each employee worked is revealed through discovery, Plaintiff intends to amend this Complaint to include class claims under applicable state law for the violations alleged herein.

23.    Plaintiff pursues the requested relief on behalf of the following California Class:

a.    All current and former non-exempt hourly employees of Centerra Services who worked in the State of California at any time during the four years (plus 178-day tolling period under Emergency Rule No. 9) preceding the filing of this action through the date of certification (hereinafter, the "California Class Members" or "California Class" and the "California Class Period").

24.    Plaintiff may move the Court based on more precisely defined subclasses according to proof after close of evidence on those issues, including subclasses for the regular rate violations, meal period violations, rest period, etc.

25.    Plaintiff is a member of the California Class he seeks to represent because he worked in the State of California within the past four years (including within the past 12 months) for Centerra Services, and because he was an employee who earned wages from Defendant during that period.

26.    Plaintiff estimates that the California Class, including current and former employees during the California Class Period, will exceed one hundred members, though the precise number of individuals in California should be readily available from Centerra Services' personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

27.    This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined common interest of many persons, and it is impractical to bring them all before the Court.  Plaintiff reserves the right to modify the California Class description or further divide it into subclasses.

28.    **Ascertainability**: The proposed California Class and its subclasses are ascertainable because they can be identified and located using Centerra Services' payroll, employment, and personnel records.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

29. **Numerosity**: The potential members of the California Class and its subclasses as defined is so numerous that joinder of all members would be infeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of members of the California Class and subclasses is unknown to Plaintiff but is estimated to be more than 100 individuals. The number and identity of members can be readily ascertained using Centerra Services' records.

30. **Typicality**: Plaintiff's claims are typical of California Class and its subclasses because all sustained similar damages arising out of Centerra Services' common course of conduct in violation of law, particularly with respect to Centerra Services failure to include all forms of remuneration in the regular rate of pay for purposes of calculating and paying overtime and Labor Code § 226.7 wages.

31. **Adequacy**: Plaintiff is an adequate representative of the California Class, will fairly protect the interests of California Class, has no interests antagonistic to California Class Members. He will vigorously pursue this lawsuit. Plaintiff's attorneys are competent, skilled, and experienced in litigating large wage and hour class actions.

32. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each California Class Member has been damaged, and is entitled to recovery, because of Centerra Services' unlawful policies. A class action will allow litigation of claims in the most efficient and economical manner for the parties and judicial system. Plaintiff is unaware of any likely difficulties in managing this action that precludes a class action.

33. Although Plaintiff and the California Class Members may have had different job titles, worked in different cities and counties, and received different hourly rates of pay, this action may be properly maintained as a class action because Plaintiff and the California Class were similarly situated:

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

a.     Plaintiff and the California Class Members were all hourly, non-exempt employees.

b.     Plaintiff and the California Class Members were subject to Centerra Services' policies, practices, and directives with respect to overtime pay.

c.     Plaintiff and the California Class Members were paid overtime wages and/or premium wages under Labor Code § 226.7.

d.     Plaintiff and the California Class Members were also paid cash-in-lieu of benefits, such as the "H&W Cshinlieu" payments.

e.     Regardless of their job title or location, Centerra Services did not pay Plaintiff and the California Class Members at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

f.     Regardless of their job title or location, Centerra Services did not pay Plaintiff and the California Class Members premium pay under Labor Code § 226.7 when required for missed meal/rest periods at the lawful regular rate of compensation.

g.     Plaintiff and Class Members were also deprived of reimbursement for work related expenses under Labor Code § 2802;

h.     Regardless of their job title or location, Centerra Services did not pay Plaintiff and the California Class Members sick pay under Labor Code § 246 in the same manner as the lawful regular rate of pay for the workweek.

## **GENERAL ALLEGATIONS**

34.     Plaintiff and the class and collective members worked for Centerra Services and were compensated on an hourly basis as nonexempt employees.

35.     Plaintiff and the class and collective members often worked off-the-clock due to Centerra Services' policy and practice of automatically deducting an unpaid 30-minute meal period regardless of their ability to take one.

36.     For example, during Plaintiff's employment, Centerra Services' agents altered his time records to insert meal period times (when none were taken) or forced him to select "true" when asked if a compliant meal period was taken.

37.     Plaintiff and the class and collective members were deprived of regular wages each time Centerra Services altered their time records to make it appear as though they had taken a 30-minute meal period when in reality they had a shorter/interrupted meal period or no meal period at all.

38.     Centerra Services failed to pay Plaintiff and the class and collective members overtime wages and the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages.

39.     First, as a result of Centerra Services editing Plaintiff's and, on information and belief, the class and collective members' time records to include false meal periods, Defendant failed to compensate Plaintiff and the class and collective members for all overtime hours worked. Each time this practice resulted in unpaid work over 8 hours in a day or 40 hours in a week, this resulted in unpaid overtime.

40.     Second, Defendant failed to pay overtime and double time at the "regular rate of pay."

41.     In addition to earning hourly compensation, Centerra Services paid Plaintiff and the class and collective members other forms of non-discretionary remuneration, including fringe benefit cash payments and shift differentials that Defendant failed to include in the overtime and double time rates in the pay periods where they earned both.

42.     An illustrative example of this violation is shown on Plaintiff's wage statement with the pay period 9/2/2024 to 9/15/2024. Here, Plaintiff earned a shift differential ("Post Dif") at a rate of $0.5000/hour and Cash Benefit ("H&W Cshinlieu") in the amount of $365.60. He also worked 8.00 hours of overtime. The overtime was paid at a rate of only $15.2100/hour (less than Plaintiff's base hourly rate of $30.00/hour). Defendant failed to pay overtime as the proper rate of pay and failed to include all these non-discretionary and non-excludable payments into Plaintiff's overtime rate.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

43.     For each overtime hour worked during the period in which Plaintiff and the class and collective members earned the additional forms of remuneration, Defendant should have (but failed to) pay overtime "at a rate no less than **one and one-half times the regular rate of pay** for an employee" and "twice the regular rate of pay" for double time hours as required by the plain language of Labor Code section 510(a) and the IWC Wage Orders.

44.     Defendant failed to comply with California's paid sick leave laws with respect to the class and collective members. As stated above, due to Defendant's failure to include all non-discretionary pay, including shift differential pay and cash in lieu benefits, Defendant failed to pay Plaintiff's and, on information and belief, the class and collective' paid sick leave at the regular rate of pay.

45.     An illustrative example of this violation is shown on Plaintiff's wage statement with the pay period 6/24/2024 – 7/7/2024.  Here, Plaintiff earned a shift differential of $24.63, H&W Cash benefits of $338.18, and worked overtime in the same pay period he earned sick pay. However, Defendant only paid sick leave at Plaintiff's base hourly rate of $30.0000 per hour rather than "in the same manner as the regular rate of pay for the worked week in which the employee uses paid sick leave, whether or not the employee actually worked overtime in that workweek," as the regular rate should have included all these forms of additional non-excludable remuneration.

46.     Additionally, Plaintiff and the class and collective members worked off-the-clock, overtime hours that were not accounted for when calculating an employee's accrued paid sick leave. Therefore, Plaintiff and the class and collective members were not awarded the total accrued sick leave time they had earned.

47.     Additionally, Centerra Services failed to pay meal and rest period premiums to Plaintiff and the California class members at the regular rate of compensation.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

48.    Centerra Services did not consistently pay all meal and rest premiums and, to the extent paid, Centerra Services improperly excluded all forms of additional remuneration, such as the cash benefits, from the calculation of the premium pay.

49.    Instead, Centerra Services paid these premiums to Plaintiff and the California class members at their respective base hourly rates.

50.    First, Plaintiff and the California Class members often experienced missed, late, short, and interrupted first and second meal periods due to the pressure to keep up with the high demands of the job and pressures from management.

51.    Despite the noncompliant meal periods, Defendant had an unlawful policy and practice of requiring Plaintiff and other California Class members to work through their unpaid meal periods. Defendant failed to relieve Plaintiff and the California Class members of their job duties in order to take a compliant meal period. Plaintiff recalls being instructed to change his entry from "False" to "True" when asked if he took a meal break when in reality, he did not. Plaintiff was told that management would not submit his time entry if he didn't select "True."   Due to the manipulation, work was done off the clock resulting not only in premium pay violations, but unpaid overtime and minimum wage for those hours, as applicable.

52.    Similarly, Defendant failed to provide all rest periods to which Plaintiff and the California Class members were entitled and further failed to pay all owed rest period premiums. For the same reasons Plaintiff and the California Class members experienced non-compliant meal periods, like the pressure to keep up with the high demands of the job, they also experienced non-compliant rest periods. Plaintiff and the California Class members were hardly ever relieved of their job duties because supervisors did not want to sit in the pods while employees were on break.

53.    Defendant had an unlawful policy and practice of encouraging Plaintiff and other California Class members to work through their rest periods without being paid rest period premiums.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

54.     However, the Labor Code § 226.7 premium was not paid at the "regular rate of compensation," including all earnings and factoring in cash fringe benefits.

55.     As a result of Centerra Services' failure to include all earnings in the premium rate, Centerra Services underpaid Plaintiff and the class members in those applicable pay periods.

56.     Because of these violations, Centerra Services failed to provide accurate itemized wage statements to class members that included the accurate gross or net wages earned, as the employees earned overtime pay and premiums, which were not paid at the lawful rate in light of the regular rate violations.

57.     Likewise, overtime, sick, and premium wages were paid at inaccurate hourly wage rates (*i.e.* the base rate or a multiple of the base rate for overtime instead of the regular rate) which violates the wage statement requirement to include the correct hourly rate in effect each pay period along with the correct number of hours.  Therefore, Centerra Services has provided inaccurate and non-compliant wage statements to the class members.

58.     Furthermore, in each pay period in which Centerra Services paid cash in lieu of fringe benefits, Centerra Services violated Labor Code § 226(a)(9) by failing to state the hourly rate at which the cash in lieu of benefit payment earnings were paid, and the corresponding number of hours at that rate.

59.     An illustrative example of this violation is shown on Plaintiff's wage statement for the pay period 07/08/2024 – 07/21/2024. Here, Plaintiff earned a Health & Welfare Cash Payment ("H&W Cshinlieu") in the amount of $365.60. However, Defendant failed to state the applicable hourly rates in effect and the number of hours worked at that rate. Instead, Centerra Services simply listed the gross amount as a lump sum paid, without listing rates or hours.

60.     Moreover, Defendant violated Labor Code section 226(a)(2) by failing to accurately list employees' "total hours worked," as the wage statements did not

accurately include the uncompensated time Plaintiff and other class members worked during their meal periods.

61.    Defendant required Plaintiff and the class members to incur costs for work-related purposes without full reimbursement. In direct consequence of their job duties, Plaintiff and the class members unavoidably and necessarily incurred these losses, expenditures, costs, and as a matter of policy and practice.

62.    Specifically, Defendant required Plaintiff and the class members to use their personal cell phones to receive phone calls and messages from Defendant's agents about work-related matters. Further, Plaintiff was required to utilize his personal vehicle to drive from his post to the hospital when he was subject to hospital watch. However, Defendant did not reimburse Plaintiff and other class members for expenses incurred from cellphone and gas usage required for the job.

63.    Centerra Services also failed to provide all records upon Plaintiff's request. Specifically, Plaintiff requested copies of his timecards for his time spent working for Defendant. However, to date, Defendant has not provided Plaintiff with those time records. Consequently, Defendant has failed to afford Plaintiff and the class members the opportunity to inspect the records pertaining to their employment.

64.    These violations create derivative liability for failure to pay all wages owed each payday or upon separation of employment.

65.    As a result of the forgoing violations, Centerra Services also failed to timely pay all wages as they were due to Plaintiff and the class members while they were employed and also failed to timely pay all wages due to Plaintiff and the class members at their separation of employment.

## FLSA COLLECTIVE ACTION

66.    Plaintiff brings the FLSA claims individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Centerra Services' violation of the FLSA.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

67.    Plaintiff pursues the requested relief on behalf of the following FLSA Collective:

    a.    All current and former non-exempt hourly employees of Centerra Services who worked in the United States of America at any time during the three years preceding the filing of this action through the present date (hereinafter, the "FLSA Collective" and the "FLSA Period").

68.    Furthermore, within the FLSA Collective is a group of identifiable individuals who were paid overtime wages in the same pay period in which they were also paid cash-in-lieu of benefits payments and other forms of non-excludable remuneration, and such group is entitled to certification as a collective for the overtime regular rate claims as well based on the failure to include those H&W cash in lieu payments in the OT rate, as evident on employee wage statements.

69.    Plaintiff is a member of the FLSA Collective he seeks to represent because he worked in the United States of America within the past three years for Centerra Services and he was paid overtime wages in the same pay period in which he was paid cash in lieu of benefits.

70.    Although Plaintiff and the FLSA Collective may have had different job titles, worked in different states or at different locations, and received different hourly rates of pay, this action may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

    b.    Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

    c.    Plaintiff and the FLSA Collective were subject to Centerra Services' policies, practices, and directives with respect to overtime pay.

    d.    Plaintiff and the FLSA Collective were paid overtime wages.

    e.    Plaintiff and the FLSA Collective were paid cash-in-lieu of benefits and differentials and other forms of non-excludable remuneration.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

f.    Regardless of their job title or location, Centerra Services did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

71.    Plaintiff estimates that the FLSA Collective, including current and former employees during the FLSA Period, will exceed one hundred members, though the precise number of individuals in the FLSA Collective should be readily available from Centerra Services' personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

72.    The FLSA claims may be properly brought and maintained as an opt-in collective action. 29 U.S.C. 216(b). The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

## FLSA - 29 U.S.C. §§ 201 *et seq.*

## (Plaintiff and the FLSA Collective Against Centerra Services)

73.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

74.    Centerra Services has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of 29 U.S.C. § 203.

75.    Centerra Services has employed, and continues to employ, the FLSA Collective as "employee[s]" within the meaning of the FLSA.

76.    Centerra Services knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

77.    Centerra Services employed Plaintiff and the FLSA Collective to work, and they did work, in excess of forty (40) hours per week.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

78. Further, Centerra Services paid Plaintiff and the FLSA Collective cash benefits, cash in lieu of benefits, differentials, and other forms of remuneration that were not subject to exclusion from the regular rate of pay under the FLSA.

79. Centerra Services failed to pay Plaintiff and the FLSA Collective at one-and-one half times the regular rate of pay, inclusive of the aforementioned forms of remuneration, for hours in excess of forty (40) per week during the FLSA Period.

80. Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of Centerra Services' unlawful conduct because they have been deprived of overtime wages owed for time worked more than 40 hours per week (i.e., due to the regular rate underpayments).

81. Centerra Services' violations of the FLSA, as described in this Complaint, have been willful and intentional.

82. Centerra Services failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees, despite the unambiguous language of 29 U.S.C. § 207(a)(1) and the unambiguous eight allowable exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

83. Because Centerra Services' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

84. As a result of the unlawful acts of Centerra Services, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY FOR ALL HOURS WORKED**

**FLSA – 29 U.S.C. §§ 201 *et seq.***

**(Plaintiff and the FLSA Collective Against Centerra Services)**

85.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

86.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of FLSA, 29 U.S.C. § 203, and Defendant has employed, and continues to employ the Covered Employees as "employee[s]" within the meaning of the FLSA.

87.    Defendant knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all wages under the FLSA, including agreed upon wages and the applicable minimum wage, as mandated by 29 U.S.C § 206(a).

88.    Defendant failed to pay Plaintiff and the FLSA Collective for all hours worked as a result of its policies of automatically deducting meal periods.

89.    This practice resulted in Plaintiff and the FLSA collective being deprived of their regular wages.

**THIRD CAUSE OF ACTION**

**MINIMUM WAGE VIOLATIONS**

**Violation of Labor Code §§ 1194, 1194.2 and 1197**

**(Plaintiff and the California Classes Against Centerra Services)**

90.    All outside paragraphs of this Complaint are incorporated into this section.

91.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), which require non-exempt employees be timely paid at least the state or local minimum wage (if higher) for each hour of work, and further provide a private

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

right of action for an employer's failure to pay all minimum wages (plus liquidated damages).

92.     Defendant willfully failed in their affirmative obligation to pay Plaintiff and class members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect.  As a result, Defendant is liable for all associated damages, including liquidated damages for the minimum wage violations pursuant to Labor Code § 1194.2.

93.     Defendant's unlawful acts and omissions deprived Plaintiff and class members of minimum, regular and overtime wages in amounts to be determined at trial. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

### Violation of Labor Code §§ 510 and 1194

94.     All outside paragraphs of this Complaint are incorporated into this section.

95.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

96.     Centerra Services failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the

first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

97.     Plaintiff and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FIFTH CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 512

98.     All outside paragraphs of this Complaint are incorporated into this section.

99.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

100.    Centerra Services willfully failed in their affirmative obligation to consistently provide Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

101.    Further, Centerra Services willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was

not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

102.    Plaintiff and class members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

**SIXTH CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**Violation of Labor Code §§ 226.7 and 516**

103.    All outside paragraphs of this Complaint are incorporated into this section.

104.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

105.    Centerra Services willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

106.    Further, Centerra Services willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

107.    Plaintiff and class members are entitled to recover the full amount of the rest period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY ALL PAID SICK LEAVE WAGES

### Violation of Labor Code §§ 200, 218, 246 *et seq.*

108.    All outside paragraphs of this Complaint are incorporated into this section.

109.    Centerra Services knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.*   Paid sick leave earnings constitute wages for purposes of California wage and hour law.  (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

110.    Labor Code section 246(l) governs how Centerra Services were required to calculate paid sick leave:

> [A]n employer shall calculate paid sick leave using any of the following calculations:
>
>> (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.
>>
>> (2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.
>>
>> (3) Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

111.    Centerra Services failed to pay Plaintiff and class members their paid sick leave wages at one of the lawful rates set forth in the statute because Centerra Services

- 19 -

failed to include in their sick leave calculation the additional remuneration received by Plaintiff and class members.

112.    Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Centerra Services knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to class members at the correct rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

113.    Pursuant to Labor Code section 248.1, Centerra Services were required to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave to employees for the period of April 20, 2020 to December 31, 2020.  Labor Code section 248.2 required Centerra Services to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2021 through at least September 30, 2021.  Labor Code section 248.6 extended Covid sick leave protections and requires employers to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2022 to September 30, 2022, and may be extended thereafter.

114.    Under Labor Code section 248.1, employees must be paid for Covid-19 Supplemental Paid Sick Leave at the highest of the following: (1) the regular rate of pay for the last pay period, (2) state minimum wage, (3) local minimum wage.

115.    Under Labor Code section 248.2, non-exempt employees must be paid supplemental paid sick leave according to the highest of the following four methods:

(I)    Calculated in the same manner as the regular rate of pay for the workweek in which the covered employee uses COVID-19 supplemental paid sick leave, whether or not the employee actually works overtime in that workweek.

(II)    Calculated by dividing the covered employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

(III)    The state minimum wage.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

(IV)   The local minimum wage to which the covered employee is entitled.

116.   Labor Code section 248.6 requires employers to pay supplemental sick leave using either method (I) or (II), as identified above.

117.   On information and belief, Centerra Services failed to pay Covid-19 Supplemental Sick Leave in the manner described above because Centerra Services failed to include in their sick leave calculation the additional remuneration received by class members.

118.   As a result, Centerra Services violated the Labor Code and are liable to Plaintiff and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

### EIGHTH CAUSE OF ACTION

### UNTIMELY PAYMENT OF WAGES

### Violation of Labor Code §§ 204, 210, 218

119.   All outside paragraphs of this Complaint are incorporated into this section.

120.   This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.   Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

121.   Centerra Services willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

122.   Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

### NINTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

### Violation of Labor Code § 226

123.   All outside paragraphs of this Complaint are incorporated into this section.

124.   This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

125.   Centerra Services knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and class members.  Specifically, the wage statements issued to Plaintiff and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

126.   Centerra Services' unlawful acts and omissions deprived Plaintiff and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

127.   As a result, Plaintiff and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

### TENTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### Violation of Labor Code §§ 201 *et seq*.

128.    All outside paragraphs of this Complaint are incorporated into this section.

129.    This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

130.    Centerra Services willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

131.    Plaintiff and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

### ELEVENTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

### Violation of Labor Code § 2802

132.    All outside paragraphs of this Complaint are incorporated into this section.

133.    Defendant willfully failed in their affirmative obligation to reimburse Plaintiff and a reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

134.    Defendants' unlawful acts and omissions deprived Plaintiff and class members of lawful reimbursements for business expenses in amounts to be determined

- 23 -

at trial.  Plaintiff and class members are entitled to recover the amount of unreimbursed expenses of Plaintiff and class members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

## TWELFTH CAUSE OF ACTION

### FAILURE TO PROVIDE RECORDS

### Violation of Labor Code §§ 226, 432, and 1198.5

135.   All outside paragraphs of this Complaint are incorporated into this section.

136.   Plaintiff brings this cause of action exclusively *in an individual capacity and on behalf of all others similarly situated*.

137.   Labor Code section 432 states that [i]f an employee. . . signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request."

138.   Labor Code section 226(b) grants employees the right to inspect or receive "a copy of records pertaining to their employment."  Labor Code section 226(f) authorizes a penalty of $750 for an employer's failure to comply with a request for records made under section 226.

139.   Labor Code section 1198.5 requires employers to provide an employee's "personnel records" within 30 days of receipt of the request.  Section 1198.5(k) authorizes a penalty of $750 for an employer's failure to provide a copy of or permit inspection of personnel records.  Section 1198.5(l) allows an employee to seek injunctive relief to obtain an employer's compliance with this section and authorizes the recovery of attorneys' fees and costs.

140.   Section 7 (Records) of the IWC Wage Orders, which may be enforced through Labor Code section 1198, requires that employers maintain time records of when an employee begins and ends each work period and when the employee takes meal periods, among other required employment and payroll records.  Section 7(C)

states that "[a]n employee's records shall be made available for inspection by the employee upon reasonable request."

141.   Plaintiff requested from Centerra Services all records due under the IWC Wage Orders (including the Records sections) and Labor Code sections 226, 432, and 1198.5.  Defendant failed to produce copies of Plaintiff's timecards for his time spent working for Defendant. Defendant failed to afford Plaintiff, and on information and belief, other employees the opportunity to inspect the records pertaining to their employment.

142.   Defendant's unlawful acts and omissions deprived Plaintiff of the ability to review the documents they received during their employment and to inspect and reconcile their actual time worked with the ultimate pay they received on their wage statements.  Plaintiff is entitled to recover the penalties and injunctive relief, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure section 1021.5, and Labor Code sections 226 and 1198.5.

### THIRTEENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### Violation of Business and Professions Code §§ 17200 *et seq.*

143.   All outside paragraphs of this Complaint are incorporated into this section.

144.   Centerra Services have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

145.   Centerra Services' dependance on these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Centerra Services over competitors who have been and/or are currently employing workers in compliance with California's

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*

wage and hour laws. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

146. Plaintiff is a victim of Centerra Services' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Centerra Services pursuant to Business and Professions Code §§ 17203 and 17208.

147. Plaintiff does not have an adequate remedy at law without the UCL all restitution sought herein, including the fact that the recovery sought does not extend to the four-year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

148. Plaintiff and class members are entitled to restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest under Business and Professions Code § 17200 *et seq.*

149. Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## **PRAYER**

Plaintiff prays for judgment as follows:

a.    For certification of this action as a class action;

b.    For certification of this action as an FLSA collective action;

c.    For appointment of Plaintiff as the representative of the classes and collective;

d.    For appointment of above-captioned counsel for Plaintiff as Class Counsel;

e.    For recovery of damages in amount according to proof;

f.    For all recoverable pre- and post-judgment interest;

g.    For recovery of all civil and statutory penalties and liquidated damages;

h.    For disgorgement of all amounts wrongfully obtained;

i.     For restitution and injunctive relief;

j.     For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5, and 29 U.S.C. § 216(b); and

k.     For such other relief the Court deems just and proper.

Dated: December 16, 2024          **Ferraro Vega Employment Lawyers, Inc.**

_(signature: Nicholas J. Ferraro)_

                                Nicholas J. Ferraro
                                *Attorney for Plaintiff*

CLASS AND COLLECTIVE ACTION COMPLAINT
*Miranda v. Centerra Services International, Inc.*